# EXHIBIT 1

Filed: 8/17/2026 5:09 PM
Clerk
Porter County, Indiana

**STATE OF INDIANA ) IN THE PORTER SUPERIOR COURT 1**
**)**
**COUNTY OF PORTER )**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT – CLASS ACTION COMPLAINT**

JACK TIPOLD ("JACK"), individually and on behalf of all others similarly situated, including MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY (collectively, "co-plaintiffs"), by counsel, **ALLEN LAW GROUP, LLC**, for

this Class Action Complaint against NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC ("NIPSCO"), allege and state as follows:

**INTRODUCTION**

1. Jack filed his individual Complaint on August 17, 2026. Defendant NIPSCO has not served a responsive pleading. Jack therefore files this First Amended Complaint – Class Action Complaint pursuant Indiana Trial Rule 15(A).

2. Jack, individually and on behalf of all others similarly situated, brings this class action lawsuit on behalf of all persons who entrusted NIPSCO to adequately perform vegetation management in and around its power transmission and distribution lines, in accord with reasonable care, custom and practice in the utility industry and consistent with NIPSCO's filings before the Indiana Utility Regulatory Commission (IURC) and IURC orders, and who suffered personal injury or pecuniary harm as a result of NIPSCO's failure to do so.

3. Jack's and co-plaintiffs' claims arise from NIPSCO's failure to comply with its legal, regulatory, contractual, and/or common law duties and obligations.

4. As a result of NIPSCO's failure to comply with its duties and obligations, as described herein, Jack, co-plaintiffs, and all other members of the putative class suffered personal injury and/or pecuniary harm resulting from repeated and widespread loss of electrical power and related utilities beginning on and after August 17, 2024.

## PARTIES

5. At all times relevant herein, Jack resided in Porter County, Indiana, and was a consumer of NIPSCO electrical services both at his residential address and through NIPSCO's service of his community, including but not limited to his grocery stores, gas stations, and medical provider facilities.

6. At all times relevant herein, co-plaintiffs resided in Northwest Indiana, and were consumers of NIPSCO electrical services both at their residential addresses and through NIPSCO's service of their communities, including but not limited to their grocery stores, gas stations, and medical provider facilities.

7. At all times relevant herein, NIPSCO was an Indiana limited liability company doing business in, and deriving revenue throughout, the State of Indiana, with its corporate headquarters and principal place of business located in Merrillville, Lake County, Indiana.

## JURISDICTION AND VENUE

8. This Court has general personal jurisdiction over NIPSCO because NIPSCO is a domestic limited liability company located in Indiana and conducts business regularly through Northwest Indiana, to include in Porter and Lake County.

9. Venue is proper in Porter County under Indiana Trial Rule 75(A)(5) because Porter County is the county in which Jack resides.

10. All members of the putative class are citizens and residents of Indiana.

## CLASS CERTIFICATION

11. This action should be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy of representation requirements of Indiana Rule of Trial Procedure 23(A).

12. The Class that Jack seeks to represent is defined as follows: All Indiana residents who suffered personal injury and/or pecuniary harm because of NIPSCO's negligent vegetation management practices which caused or contributed to disruption of electrical service and widespread power outage on and after August 17, 2024.

13. Specifically excluded from the Class are non-residents of Indiana as well as NIPSCO's officers, directors, trustees, upper management, and other related and subordinate entities controlled by NIPSCO, as well as the judge assigned to this action, and any member of the judge's immediate family.

14. Numerosity. The class is so numerous that joinder of all members is impracticable, insofar as several hundred thousand individuals have suffered personal and/or pecuniary harm due, in whole or in part, to the negligence of NIPSCO.

15. Commonality. There are questions of law or fact common to the class including, *inter alia*, whether NIPSCO's failure to use due care in the maintenance of its power transmission and distribution lines and by its negligent vegetation management practices.

16. Typicality. Jack's claims are typical of the claims of the class insofar as

he has suffered both personal injury and pecuniary harm due to the negligence of NIPSCO.

17. Adequacy of Representation. Jack will fairly and adequately protect the interests of the class insofar as his claims of fully align with those of the other class members, all of whom have suffered personal and/or pecuniary harm, and Jack's counsel has been appointed as Class Counsel in other matters including: *In Re South Shore Train Crash at Gary, Indiana on January 18, 1993*, *In Re: Nurseryland Bus Crash at Gary, Indiana on June 25, 1998*; *In re Truck/Train Collision at Portage, Indiana on June 18, 1998*, and *In Re: Hidden Lake Bridge Collapse July 4, 2009*; and *In Re: Indiana State Fair Disaster (VanDam v. State of Indiana).* Putative Class Counsel has the requisite resources, expertise and experience to competently represent the class.

18. Further, pursuant to Indiana Rule of Trial Procedure 23(B)(1), the prosecution of separate actions by individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, and/or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and/or

(c) there are questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ALLEGATIONS**

19. NIPSCO is a utility company providing, among other things, electrical utility services throughout Northwest Indiana.

20. NIPSCO was obligated to perform vegetation management in accordance with custom and practice in the utility industry and consistent with its representations to the IURC and pursuant to standards and orders promulgated by the IURC.

21. The objectives of NIPSCO's vegetation management practices included the preservation of its utility infrastructure and the prevention of service disruptions and outages as a result of weather-related events.

22. NIPSCO breached its duties and acted and/or failed to act in a reasonable manner and was negligent and/or willful and wanton in that it historically and in an ongoing manner:

a. Ignored public requests for vegetation management and mitigation of hazardous conditions;

b. Inadequately performed vegetation management consistent with customs and practices in the utility industry;

c. Inadequately performed vegetation management in a manner consistent with IURC filings and testimony;

d. Failed to perform and conduct business/work consistent with line clearance manuals and customs and practices in the industry ultimately jeopardizing public safety;

e. Failed to identify and remove hazard trees and hazardous vegetation;

f. Failed to keep vegetation a safe distance from distribution and/or transmission lines consistent with NIPSCO manuals and custom and practice in the industry;

g. Failed to do and/or have pole and line inspections properly performed that would have detected hazardous vegetation issues riddled through northwest Indiana;

h. Failed to employ adequate forces of linemen and/or contractors to ensure vegetation management was properly and adequately being performed;

i. Failed to utilize their internal and qualified linemen and specialists to perform the required assessments, instead negligently putting off the work and/or outsourcing to incompetent sources;

j. Failed to comply with cycle-based vegetation management programs that are the custom and practice in the industry;

k. Failed to ensure forestry representatives of NIPSCO were overseeing enforcement of the policies and procedures;

l. Failed to ensure forestry representatives of NIPSCO were overseeing the work of contractors;

m. Failed to adequately remove electrical and vegetation related system hazards;

n. Violated the National Electrical Safety Code by failing to perform adequate inspections of poles and lines following installation;

o. Failed to adequately inspect vegetation during line and pole inspections;

p. Failed to comply with power line design, construction, vegetation management and inspection customs and practice in the utility industry;

q. Failed to properly require and/or retain documentation relating to vegetation management work and assessments; and/or

r. Failed to perform work and/or ensure work was done on their behalf relating to their overhead powerlines and vegetation management consistent with the codes and standards in the industry including but not limited to the NESC, OSHA and ANSI.

23. NIPSCO's misconduct prioritized profits for its investors and shareholders over providing uninterrupted electrical service to, and assuring the safety of, its customers and the members of the putative lass.

24. From on or about August 17, 2024, until August 11, 2026, numerous weather events in Northwest Indiana caused vegetation, mismanaged by NIPSCO, to fall onto NIPSCO's utility lines, predictably and foreseeably resulting in outages.

25. This pattern of vegetation mismanagement by NIPSCO causing disruption of electrical service to members of the putative class culminated in the August 11, 2026, outage which left 317,000 NIPSCO customers without power. As a direct and proximate result of NIPSCO's negligent and/or willful and wanton acts or omissions, nearly 60% of NIPSCO's electric customers were or are deprived of electrical service, causing personal injury and pecuniary harm to members of the putative class.

26. Jack was scheduled for oral surgery on August 11, 2026, during which the power outage forced the termination of his procedure and his discharge without adequate pain control. As a proximate result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO, Jack's post-operative care was impeded and delayed, and he suffered unnecessary and protracted physical and emotional pain.

27. Additionally, as a proximate result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO, Jack suffered economic loss in the form of perishable household goods as the power outage continued.

28. The co-plaintiffs similarly suffered economic loss, physical and/or emotional pain and mental suffering all as a result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO causing the outages.

**WHEREFORE**, JACK TIPOLD, individually and on behalf of all others similarly situated, and co-plaintiffs, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, and CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, respectfully seek:

A) An order determining that this action is properly brought as a class action and certifying Jack Tipold as the representative of the Class and his counsel as Class Counsel;

B) Judgment in Jack's and co-plaintiffs' favor and in favor of the Class and against Defendant NIPSCO for compensatory and punitive damages in an amount to be determined by this action, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances; and

C) All other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)

## JURY DEMAND

Plaintiffs demand trial by jury on all Counts of this Complaint.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)