# EXHIBIT 2

USDC IN/ND case 2:26-cv-00459 document 1-2 filed 09/25/26 page 2 of 56
This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Jack Tipold v. Northern Indiana Public Service Company, LLC

| | |
|---|---|
| Case Number | 64D01-2608-CT-009189 |
| Court | Porter Superior Court 1 |
| Type | CT - Civil Tort |
| Filed | 08/17/2026 |
| Status | 08/17/2026 , Pending (active) |

## Parties to the Case

Defendant Northern Indiana Public Service Company, LLC

Attorney
Brian O'Connor Watson
*#3635045, Lead, Retained*

1 S DEARBORN ST
STE 2200
Chicago, IL 60603
312-471-8700(W)

Attorney
Rodney Perry
*#4002645, Retained*

1 South Dearborn Street
Suite 2200
Chicago, IL 60603
(312) 471-8731(W)

Plaintiff Tipold, Jack

Attorney
Kenneth James Allen
*#385745, Lead, Retained*

501 Allen CT
STE 3000
Chesterton, IN 46304
219-465-6292(W)

Attorney
Bryan Leo Bradley
*#1787746, Retained*

501 ALLEN CT
STE 3000
CHESTERTON, IN 46304

Attorney
Justin Paul Forkner
*#2965949, Retained*

501 Allen CT
STE 3000
Chesterton, IN 46304
219-465-6292(W)

Attorney
Otto Joseph Shragal
*#2579264, Retained*

ALLEN LAW GROUP, LLC
501 ALLEN COURT
SUITE 3000
CHESTERTON, IN 46304
219-465-6292(W)

## Chronological Case Summary

Ex. 2, page 001

| | |
|---|---|
| 08/17/2026 | Case Opened as a New Filing |
| 08/17/2026 | **Appearance Filed**<br>Appearance<br>For Party: Tipold, Jack<br>File Stamp: 08/17/2026 |
| 08/17/2026 | **Complaint/Equivalent Pleading Filed**<br>Complaint<br>Filed By: Tipold, Jack<br>File Stamp: 08/17/2026 |
| 08/17/2026 | **Subpoena/Summons Filed**<br>Summons to NIPSCO<br>Filed By: Tipold, Jack<br>File Stamp: 08/17/2026 |
| 08/18/2026 | **Automated ENotice Issued to Parties**<br>Appearance Filed ---- 8/17/2026 : Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal Subpoena/Summons Filed ---- 8/17/2026 : Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal |
| 08/18/2026 | **Complaint/Equivalent Pleading Filed**<br>First Amended Complaint<br>Filed By: Tipold, Jack<br>File Stamp: 08/17/2026 |
| 09/10/2026 | **Certificate of Issuance of Summons**<br>Certificate of Issuance of Summons and Return of Service<br>Filed By: Tipold, Jack<br>File Stamp: 09/09/2026 |
| 09/10/2026 | **Motion Filed**<br>Motion for Preliminary Certification as Class Action<br>Filed By: Tipold, Jack<br>File Stamp: 09/09/2026 |
| 09/15/2026 | **Appearance Filed**<br>E-Filing Appearance by Attorney in Civil Case<br>For Party: Northern Indiana Public Service Company, LLC<br>File Stamp: 09/15/2026 |
| 09/15/2026 | **Appearance Filed**<br>E-Filing Appearance by Attorney in Civil Case<br>For Party: Northern Indiana Public Service Company, LLC<br>File Stamp: 09/15/2026 |
| 09/15/2026 | **Motion for Enlargement of Time Filed**<br>Notice of Automatic Enlargement of Time<br>Filed By: Northern Indiana Public Service Company, LLC<br>File Stamp: 09/15/2026 |
| 09/16/2026 | **Automated Paper Notice Issued to Parties**<br>Appearance Filed ---- 9/15/2026 : Rodney Perry Appearance Filed ---- 9/15/2026 : Rodney Perry |
| 09/16/2026 | **Automated ENotice Issued to Parties**<br>Appearance Filed ---- 9/15/2026 : Brian O'Connor Watson;Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal Appearance Filed ---- 9/15/2026 : Brian O'Connor Watson;Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal |
| 09/16/2026 | **Order Granting Motion for Enlargement of Time**<br>TO AND INCLUDING OCTOBER 21, 2026<br>Order Signed: 09/16/2026 |
| 09/17/2026 | **Automated Paper Notice Issued to Parties**<br>Order Granting Motion for Enlargement of Time ---- 9/16/2026 : Rodney Perry |
| 09/17/2026 | **Automated ENotice Issued to Parties**<br>Order Granting Motion for Enlargement of Time ---- 9/16/2026 : Brian O'Connor Watson;Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal |

09/17/2026 **Hearing Scheduling Activity**

Hearing scheduled for 10/01/2026 at 10:00 AM.

09/17/2026 **Order Set for Hearing**

HEARING IS SET FOR OCTOBER 1, 2026 AT 10:00 A.M.

Order Signed: 09/10/2026

09/18/2026 **Automated ENotice Issued to Parties**

Hearing Scheduling Activity ---- 9/17/2026 : Brian O'Connor Watson;Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal Order Set for Hearing ---- 9/17/2026 : Brian O'Connor Watson;Justin Paul Forkner;Kenneth James Allen;Otto Joseph Shragal

09/18/2026 **Automated Paper Notice Issued to Parties**

Hearing Scheduling Activity ---- 9/17/2026 : Rodney Perry Order Set for Hearing ---- 9/17/2026 : Rodney Perry

09/24/2026 **Appearance Filed**

Appearance of BLB

For Party: Tipold, Jack

File Stamp: 09/22/2026

10/01/2026 **Hearing**

Session:

10/01/2026 10:00 AM, Judicial Officer: Fish, Michael A.

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Tipold, Jack**

Plaintiff

Balance Due (as of 09/24/2026)

**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 08/17/2026 | Transaction Assessment | 232.00 |
| 08/17/2026 | Electronic Payment | (232.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

**STATE OF INDIANA ) IN THE PORTER CIRCUIT/SUPERIOR COURT**
**)**
**COUNTY OF PORTER )**

JACK TIPOLD, )
)
Plaintiff, )
)
v. ) CAUSE NO.
) **JURY TRIAL DEMANDED**
NORTHERN INDIANA PUBLIC )
SERVICE COMPANY, LLC, )
)
Defendant. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1. The party on whose behalf this form is being filed is: JACK TIPOLD

   Initiating X Responding ____ Intervening ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

2. Name of Party JACK TIPOLD

   Address of Party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*
   c/o ALLEN LAW GROUP, LLC, 501 Allen Court, Suite 3000, Chesterton, IN 46304
   Telephone # of Party (219) 465-6292

*(List on a continuation page additional parties this attorney represents in this case.)*

3. Attorney information for service as required by Trial Rule 5(B)(2)

Name: Kenneth J. Allen
Address: ALLEN LAW GROUP, LLC
501 Allen Court, Suite 3000
Chesterton, Indiana 46304

Atty Number: 3857-45
Phone: 219-465-6292
Fax: 219-477-5181
Email Address: Efilingservice@allen.law

Name: Otto J. Shragal
Address: ALLEN LAW GROUP, LLC
501 Allen Court, Suite 3000
Chesterton, Indiana 46304

Atty Number: 25792-64
Phone: 219-465-6292
Fax: 219-477-5181
Email Address: Efilingservice@allen.law

Name: Justin P. Forkner
Address: ALLEN LAW GROUP, LLC
501 Allen Court, Suite 3000
Chesterton, IN 46304
Atty Number: 29659-49
Phone: 219-465-6292
FAX: 219-477-5181
Email Address: Efilingservice@allen.law

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a Civil Tort (CT) case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

________ Attorney's address

________ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov)**.

________ Another address (provide)

________________________________________

This case involves a petition for involuntary commitment. Yes ____ No _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:
   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
      ________________________________________
   b. State of Residence of person subject to petition: ______________
   c. At least one of the following pieces of identifying information:
      (i) Date of Birth _______________
      (ii) Driver's License Number _
      State where issued ____________ Expiration date _________
      (iii) State ID number _________________________
      State where issued ____________ Expiration date __________
      (iv) FBI number _______________________
      (v) Indiana Department of Corrections Number _____________________
      (vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes ____ No __X__ *(If yes, list on continuation page.)*

8. Additional information required by local rule:
   ______________________________________________________________

9. There are other party members: Yes ____ No_X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached: Yes_X_ No___

/s/ Kenneth J. Allen
Attorney-at-Law
(Attorney information shown above)

64D01-2608-CT-009189
Porter Superior Court 1
Filed: 8/17/2026 11:07 AM
Clerk
Porter County, Indiana

**STATE OF INDIANA ) IN THE PORTER CIRCUIT/SUPERIOR COURT**
**)**
**COUNTY OF PORTER )**

JACK TIPOLD, )
)
Plaintiff, )
)
v. ) CAUSE NO.
) **JURY TRIAL DEMANDED**
NORTHERN INDIANA PUBLIC )
SERVICE COMPANY, LLC, )
)
Defendant. )

**COMPLAINT**

JACK TIPOLD ("JACK"), by counsel, **ALLEN LAW GROUP, LLC**, individually and on behalf of all others similarly situated, for this Class Action Complaint against NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC ("NIPSCO"), alleges and states as follows:

**PARTIES**

1. At all times relevant herein, Jack resided in Porter County, Indiana, and was a consumer of NIPSCO residential electrical services and through NIPSCO's general service of the local community, including but not limited to grocery stores, gas stations, and/or medical provider facilities.

2. At all times relevant herein, NIPSCO was an Indiana limited liability company doing business in, and deriving revenue throughout, the State of Indiana,

including its corporate headquarters and principal place of business which is located in Merrillville, Lake County, Indiana.

**JURISDICTION AND VENUE**

3. This Court has general personal jurisdiction over NIPSCO because NIPSCO is a domestic for-profit corporation located in Indiana and conducts business regularly through Northwest Indiana, including in Porter County.

4. Venue is proper in Porter County under Indiana Trial Rule 75(A)(5) because Porter County is the county in which Jack resides.

**ALLEGATIONS**

5. NIPSCO is a utility company providing, among other things, electrical utility services throughout Northwest Indiana.

6. NIPSCO was obligated to perform vegetation management in accordance with custom and practice in the utility industry and pursuant to standards and orders promulgated by the IURC.

7. The objectives of NIPSCO's vegetation management practices included the preservation of its utility infrastructure and the prevention of service disruptions and outages as a result of weather-related events.

8. NIPSCO breached its duties and acted and/or failed to act in a reasonable manner and was negligent and/or willful and wanton in that, *inter alia*, NIPSCO historically failed to perform reasonable vegetation management practices.

9. On August 11, 2026, a storm struck across northwest Indiana. Multiple prior storms in 2024 and 2025 as well struck Jack's area resulting in outages.

10. Jack lost power on these occasions.

11. As a proximate result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO, Jack suffered personal injury and economic loss.

**WHEREFORE**, JACK TIPOLD respectfully seeks judgment in his favor and in favor of the Class and against Defendant NORTHERN INDIANA PUBLIC SERVICE COMPANY for compensatory and punitive damages in an amount to be determined by this action, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances and all other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all Counts of his Complaint.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)

ALLEN LAW GROUP
INJURY ATTORNEYS
www.Allen.Law

*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
501 Allen Court, Suite 3000
Chesterton, IN 46304
219.465.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **WILL COUNTY OFFICE:**
10062 W. 190th Place
Mokena, IL 60448
815.725.6292

64D01-2608-CT-009189
Porter Superior Court 1
Filed: 8/17/2026 11:07 AM
Clerk
Porter County, Indiana

STATE OF INDIANA
SS:
COUNTY OF PORTER

IN THE PORTER CIRCUIT/SUPERIOR COURT

CAUSE NO.:__________

JACK TIPOLD,

Plaintiff,

-v-

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

# SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT: NORTHERN INDIANA PUBLIC SERVICE COMPANY LLC
C/O CORPORATION SERVICE COMPANY, REG AGENT
135 NORTH PENNSYLVANIA STREET, SUITE 1610
INDIANAPOLIS, IN, 46204

You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff of other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Attorney for Plaintiff:
Kenneth J. Allen
Attorney No. 3857-45
501 Allen Ct, Suite 3000
Chesterton, IN 46304
Tel. No.: (219) 465-6292

Date: 8/17/2026

CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

By: KH
Deputy Clerk

CIRCUIT AND SUPERIOR COURT SEAL PORTER COUNTY, INDIANA

PREPARATION DATA:
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service.
If service is by certified mail a properly addressed envelope shall be provided for each Defendant.
Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court (Form: CS 1/97)

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the ________ day of _______________, 2026, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant,______________________________ by ______________________ mail, requesting a return receipt, at the address furnished by the Plaintiff.

CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: ___________________, 2026. By: ________________________________
Deputy Clerk

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____________________________________ was accepted by the Defendant on the ________ day of __________________,2026.

CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: ___________________, 2026_. By: ________________________________
Deputy Clerk

**RETURN OF SERVICE OF SUMMONS BY SHERIFF**

I hereby certify that I have served the within SUMMONS:

1. By delivering on ___________________, 2026, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2. By leaving on ___________________, 2026, for each of the within named person(s) ________________________________________________________________ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of ______________________________________________________ in , Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process threat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3. This SUMMONS came to hand this date, ___________________,2026. The within named _________________________________________________ was not found in my bailiwick this date,___________________, 2026.

ALL DONE IN PORTER COUNTY, INDIANA.

SHERIFF OF PORTER COUNTY, INDIANA

By: ________________________________

**SERVICE ACKNOWLEDGED**

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____________________________________________ in ____________, Indiana, on this date, ______________________, 2026.

________________________________
Signature of Defendant

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT – CLASS ACTION COMPLAINT**

JACK TIPOLD ("JACK"), individually and on behalf of all others similarly situated, including MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY (collectively, "co-plaintiffs"), by counsel, **ALLEN LAW GROUP, LLC**, for

this Class Action Complaint against NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC ("NIPSCO"), allege and state as follows:

## INTRODUCTION

1. Jack filed his individual Complaint on August 17, 2026. Defendant NIPSCO has not served a responsive pleading. Jack therefore files this First Amended Complaint – Class Action Complaint pursuant Indiana Trial Rule 15(A).

2. Jack, individually and on behalf of all others similarly situated, brings this class action lawsuit on behalf of all persons who entrusted NIPSCO to adequately perform vegetation management in and around its power transmission and distribution lines, in accord with reasonable care, custom and practice in the utility industry and consistent with NIPSCO's filings before the Indiana Utility Regulatory Commission (IURC) and IURC orders, and who suffered personal injury or pecuniary harm as a result of NIPSCO's failure to do so.

3. Jack's and co-plaintiffs' claims arise from NIPSCO's failure to comply with its legal, regulatory, contractual, and/or common law duties and obligations.

4. As a result of NIPSCO's failure to comply with its duties and obligations, as described herein, Jack, co-plaintiffs, and all other members of the putative class suffered personal injury and/or pecuniary harm resulting from repeated and widespread loss of electrical power and related utilities beginning on and after August 17, 2024.

## PARTIES

5. At all times relevant herein, Jack resided in Porter County, Indiana, and was a consumer of NIPSCO electrical services both at his residential address and through NIPSCO's service of his community, including but not limited to his grocery stores, gas stations, and medical provider facilities.

6. At all times relevant herein, co-plaintiffs resided in Northwest Indiana, and were consumers of NIPSCO electrical services both at their residential addresses and through NIPSCO's service of their communities, including but not limited to their grocery stores, gas stations, and medical provider facilities.

7. At all times relevant herein, NIPSCO was an Indiana limited liability company doing business in, and deriving revenue throughout, the State of Indiana, with its corporate headquarters and principal place of business located in Merrillville, Lake County, Indiana.

## JURISDICTION AND VENUE

8. This Court has general personal jurisdiction over NIPSCO because NIPSCO is a domestic limited liability company located in Indiana and conducts business regularly through Northwest Indiana, to include in Porter and Lake County.

9. Venue is proper in Porter County under Indiana Trial Rule 75(A)(5) because Porter County is the county in which Jack resides.

10. All members of the putative class are citizens and residents of Indiana.

## CLASS CERTIFICATION

11. This action should be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy of representation requirements of Indiana Rule of Trial Procedure 23(A).

12. The Class that Jack seeks to represent is defined as follows: All Indiana residents who suffered personal injury and/or pecuniary harm because of NIPSCO's negligent vegetation management practices which caused or contributed to disruption of electrical service and widespread power outage on and after August 17, 2024.

13. Specifically excluded from the Class are non-residents of Indiana as well as NIPSCO's officers, directors, trustees, upper management, and other related and subordinate entities controlled by NIPSCO, as well as the judge assigned to this action, and any member of the judge's immediate family.

14. Numerosity. The class is so numerous that joinder of all members is impracticable, insofar as several hundred thousand individuals have suffered personal and/or pecuniary harm due, in whole or in part, to the negligence of NIPSCO.

15. Commonality. There are questions of law or fact common to the class including, *inter alia*, whether NIPSCO's failure to use due care in the maintenance of its power transmission and distribution lines and by its negligent vegetation management practices.

16. Typicality. Jack's claims are typical of the claims of the class insofar as

he has suffered both personal injury and pecuniary harm due to the negligence of NIPSCO.

17. Adequacy of Representation. Jack will fairly and adequately protect the interests of the class insofar as his claims of fully align with those of the other class members, all of whom have suffered personal and/or pecuniary harm, and Jack's counsel has been appointed as Class Counsel in other matters including: *In Re South Shore Train Crash at Gary, Indiana on January 18, 1993*, *In Re: Nurseryland Bus Crash at Gary, Indiana on June 25, 1998*; *In re Truck/Train Collision at Portage, Indiana on June 18, 1998*, and *In Re: Hidden Lake Bridge Collapse July 4, 2009*; and *In Re: Indiana State Fair Disaster (VanDam v. State of Indiana).* Putative Class Counsel has the requisite resources, expertise and experience to competently represent the class.

18. Further, pursuant to Indiana Rule of Trial Procedure 23(B)(1), the prosecution of separate actions by individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, and/or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and/or

(c) there are questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ALLEGATIONS**

19. NIPSCO is a utility company providing, among other things, electrical utility services throughout Northwest Indiana.

20. NIPSCO was obligated to perform vegetation management in accordance with custom and practice in the utility industry and consistent with its representations to the IURC and pursuant to standards and orders promulgated by the IURC.

21. The objectives of NIPSCO's vegetation management practices included the preservation of its utility infrastructure and the prevention of service disruptions and outages as a result of weather-related events.

22. NIPSCO breached its duties and acted and/or failed to act in a reasonable manner and was negligent and/or willful and wanton in that it historically and in an ongoing manner:

a. Ignored public requests for vegetation management and mitigation of hazardous conditions;
b. Inadequately performed vegetation management consistent with customs and practices in the utility industry;

c. Inadequately performed vegetation management in a manner consistent with IURC filings and testimony;

d. Failed to perform and conduct business/work consistent with line clearance manuals and customs and practices in the industry ultimately jeopardizing public safety;

e. Failed to identify and remove hazard trees and hazardous vegetation;

f. Failed to keep vegetation a safe distance from distribution and/or transmission lines consistent with NIPSCO manuals and custom and practice in the industry;

g. Failed to do and/or have pole and line inspections properly performed that would have detected hazardous vegetation issues riddled through northwest Indiana;

h. Failed to employ adequate forces of linemen and/or contractors to ensure vegetation management was properly and adequately being performed;

i. Failed to utilize their internal and qualified linemen and specialists to perform the required assessments, instead negligently putting off the work and/or outsourcing to incompetent sources;

j. Failed to comply with cycle-based vegetation management programs that are the custom and practice in the industry;

k. Failed to ensure forestry representatives of NIPSCO were overseeing enforcement of the policies and procedures;

l. Failed to ensure forestry representatives of NIPSCO were overseeing the work of contractors;

m. Failed to adequately remove electrical and vegetation related system hazards;

n. Violated the National Electrical Safety Code by failing to perform adequate inspections of poles and lines following installation;

o. Failed to adequately inspect vegetation during line and pole inspections;

p. Failed to comply with power line design, construction, vegetation management and inspection customs and practice in the utility industry;

q. Failed to properly require and/or retain documentation relating to vegetation management work and assessments; and/or

r. Failed to perform work and/or ensure work was done on their behalf relating to their overhead powerlines and vegetation management consistent with the codes and standards in the industry including but not limited to the NESC, OSHA and ANSI.

23. NIPSCO's misconduct prioritized profits for its investors and shareholders over providing uninterrupted electrical service to, and assuring the safety of, its customers and the members of the putative lass.

24. From on or about August 17, 2024, until August 11, 2026, numerous weather events in Northwest Indiana caused vegetation, mismanaged by NIPSCO, to fall onto NIPSCO's utility lines, predictably and foreseeably resulting in outages.

25. This pattern of vegetation mismanagement by NIPSCO causing disruption of electrical service to members of the putative class culminated in the August 11, 2026, outage which left 317,000 NIPSCO customers without power. As a direct and proximate result of NIPSCO's negligent and/or willful and wanton acts or omissions, nearly 60% of NIPSCO's electric customers were or are deprived of electrical service, causing personal injury and pecuniary harm to members of the putative class.

26. Jack was scheduled for oral surgery on August 11, 2026, during which the power outage forced the termination of his procedure and his discharge without adequate pain control. As a proximate result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO, Jack's post-operative care was impeded and delayed, and he suffered unnecessary and protracted physical and emotional pain.

27. Additionally, as a proximate result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO, Jack suffered economic loss in the form of perishable household goods as the power outage continued.

28. The co-plaintiffs similarly suffered economic loss, physical and/or emotional pain and mental suffering all as a result of one or more of the foregoing negligent and/or willful and wanton acts or omissions of NIPSCO causing the outages.

**WHEREFORE**, JACK TIPOLD, individually and on behalf of all others similarly situated, and co-plaintiffs, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, and CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, respectfully seek:

A) An order determining that this action is properly brought as a class action and certifying Jack Tipold as the representative of the Class and his counsel as Class Counsel;

B) Judgment in Jack's and co-plaintiffs' favor and in favor of the Class and against Defendant NIPSCO for compensatory and punitive damages in an amount to be determined by this action, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances; and

C) All other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)

**JURY DEMAND**

Plaintiffs demand trial by jury on all Counts of this Complaint.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)

ALLEN LAW GROUP
INJURY ATTORNEYS
www.Allen.Law

*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
501 Allen Court, Suite 3000
Chesterton, IN 46304
219.465.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **WILL COUNTY OFFICE:**
10062 W. 190th Place
Mokena, IL 60448
815.725.6292

Filed: 9/9/2026 1:14 PM
Clerk
Porter County, Indiana

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189

**CERTIFICATE OF ISSUANCE OF**
**SUMMONS AND RETURN OF SERVICE**

I, Kenneth J. Allen, hereby declare:

1. I am one of the attorneys for Jack Tipold, individually and on behalf of all others similarly situated, the Plaintiffs in this action. In such capacity, I have personal knowledge of, and am competent to testify to, the matters contained in this certification, which is filed in compliance with Ind. T.R. 86(G)(2)(c).

2. Plaintiffs' counsel filed the instant action, including a Complaint, Appearance, and Summons to Defendants, on August 17, 2026, via Indiana's E-Filing System.

3. Plaintiffs' counsel filed the First Amended Complaint on August 17, 2026, via Indiana's E-Filing System.

4. Defendant, Northern Indiana Public Service Company, LLC, was served with a copy of the Complaint, First Amended Complaint, and Summons on August 27, 2026, through the United States Postal Service via certified mail with return receipt requested as follows:

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC
Northern Indiana Public Service Company, LLC
801 E 86th Ave.
Merrillville, IN 46410
Date of Mailing: August 18, 2026
Tracking Number: 9414811105495837051017

5. According to the United States Postal Service, Defendant NIPSCO, LLC received the Complaint and Summons on August 11, 2026. Thus, service of process of this Defendant was perfected on August 11, 2026, in accordance with Ind. T.R. 4.1(A)(1). *See*, Exhibit 1.

I affirm under the penalties of perjury that the foregoing is true and correct.

Executed this September 9, 2026.

*/s/Kenneth J. Allen*
Kenneth J. Allen

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of September, 2026 service of a true and complete copy of the above and foregoing Certificate of Issuance of Summons and Return of Service was electronically filed with the Clerk of the Court using the Court's IEFS system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)

ALLEN LAW GROUP
INJURY ATTORNEYS
www.Allen.Law

*Reply to Office Indicated*

☑ ALLEN LAW BUILDING: 501 Allen Court, Suite 3000, Chesterton, IN 46304, 219.465.6292

☐ MERRILLVILLE OFFICE: 3700 E. Lincoln Highway (U.S. 30), Merrillville, IN 46410, 219.736.6292

☐ INDIANAPOLIS OFFICE: 201 N. Illinois Street (South Tower), Indianapolis, IN 46204, 317.842.6926

☐ CHICAGO OFFICE: 77 W. Wacker Drive, Chicago, IL 60601, 312.236.6292

☐ ORLAND PARK OFFICE: 15255 S. 94th Avenue, Orland Park, IL 60462, 708.460.6292

☐ WILL COUNTY OFFICE: 10062 W. 190th Place, Mokena, IL 60448, 815.725.6292

Filed: 9/9/2026 1:14 PM
Clerk
Porter County, Indiana

UNITED STATES POSTAL SERVICE®

September 09, 2026

Dear Lauren Austgen:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8111 0549 5837 0510 17**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, PO Box |
| **Status Date / Time:** | August 27, 2026, 09:31 am |
| **Location:** | MERRILLVILLE, IN 46410 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | RISK MANAGEMENT Northern Indiana Public Service |

## Shipment Details

| | |
|---|---|
| **Weight:** | 1.0oz |

## Recipient Signature

**Signature of Recipient:**

**Address of Recipient:**



Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Exhibit
1

Filed: 9/9/2026 1:19 PM
Clerk
Porter County, Indiana

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189

**MOTION FOR PRELIMINARY CERTIFICATION AS CLASS ACTION**

JACK TIPOLD ("JACK"), individually and on behalf of all others similarly situated, including MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY (collectively, "co-plaintiffs"), by counsel, **ALLEN LAW GROUP, LLC**, hereby move this court to certify this case as a class action pursuant to Rule 23(B)(2) of

the Indiana Rules of Trial Procedure. In support of this motion, they respectfully state as follows:

1. Jack and co-plaintiffs filed their First Amended Complaint – Class Action Complaint on August 18, 2026, against Defendant Northern Indiana Public Service Company, LLC ("NIPSCO"). The action was brought on their own behalf and behalf of a class of those similarly situated pursuant to Rule 23 of Indiana's Rules of Trial Procedure, which governs the requirements for certification of a case as a class action.

2. "As soon as practicable after the commencement of an action brought as a class action, the court, upon hearing or waiver of hearing, shall determine by order whether it is to be so maintained." Ind. Trial Rule 23(C)(1). This order may be conditional and subject to alteration or amendment. *Id.* The determination of class certification is a matter within the trial court's discretion. *NIPSCO v. Bolka*, 693 N.E.2d 613, 615 (Ind. Ct. App. 1998).

3. The proposed class is defined in Jack and co-plaintiffs' First Amended Complaint – Class Action Complaint as:

> All Indiana residents who suffered personal injury and/or pecuniary harm because of NIPSCO's negligent vegetation management practices which caused or contributed to disruption of electrical service and widespread power outage on and after August 17, 2024.

4. Specifically excluded from the Class are non-residents of Indiana as well as NIPSCO's officers, directors, trustees, upper management, and other related and

subordinate entities controlled by NIPSCO, as well as the judge assigned to this action, and any member of the judge's immediate family.

5. Jack and co-plaintiffs anticipate that this putative class will be further refined into specific subclasses based upon timing and location of outages as well as categories of damages sustained after discovery is taken.

6. Indiana's Rule 23 mirrors Federal Rule of Civil Procedure 23 and therefore federal cases can be used in interpreting Rule 23's requirements. *In re Tina T.*, 579 N.E.2d 48 (Ind. 1991) ("our rule is based on Federal Rule 23, and . . . it is therefore appropriate to look to the application given to that rule by federal courts when considering the application to be given to our own"). Federal class action cases are persuasive authority in interpreting Indiana's rule. *CSX Transp., Inc. v. Clark*, 646 N.E.2d 1003, 1007 (Ind. Ct. App. 1995).

7. "[A] showing of need is not a prerequisite to class certification." *In re Tina T.*, 579 N.E.2d at 56. Instead, Trial Rule 23(A) sets the prerequisites for a class action:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> Ind. Trial Rule 23(A).

8. The requirements of Rule 23(A) are met:

> a. <u>Numerosity.</u> The class is so numerous that joinder of all members is impracticable. "The complaint need not allege the exact number or identity

of class members" and instead the "finding of numerosity may be supported by common sense assumptions." *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991); *CSX Transp. v. Clark*, 646 N.E.2d 1003, 1007 (Ind. Ct. App. 1995) (citing *In re VMS*). The court should consider "judicial economy and the ability of class members to institute individual suits." *In re VMS*, 136 F.R.D. at 473. "[W]hile numerosity analysis does not rest on a 'magic' number, permissive joinder has been deemed impracticable where class members number forty or more." *Bolka*, 693 N.E.2d at 616.

Here, there are several hundred thousand likely claimants who have suffered personal and/or pecuniary harm due, in whole or in part, to the negligence of NIPSCO. As NIPSCO itself has stated, well over 90% of its consumers lost power or were otherwise impacted just from the August 11, 2026, storm, alone. And the putative class covers dozens of other outages resulting from NIPSCO's negligent vegetation mismanagement. It is manifest these claimants are so numerous that joinder of all members is impracticable and individual suits on these claims would overwhelm Indiana's court system.

b. <u>Commonality.</u> There are questions of law and fact common to the class. "The touchstone of class certification is whether the inquiry presents a common nucleus of operative fact." *CSX*, 646 N.E.2d at 1007. Class certification does not hinge on the merits of the individual claims; it turns on "whether questions of law and fact will predominate over questions affecting only individual plaintiffs." *Id.* "Economies of time, effort and expense, and uniformity of decision as to persons similarly situated are the key elements to be considered." *Id.* "The commonality requirement is usually met where a question of law refers to standardized conduct by defendants toward members of the proposed class." *In re VMS*, 136 F.R.D. at 473.

Whether NIPSCO failed to adequately perform vegetation management in and around its power transmission and distribution lines, in accordance with reasonable care, custom and practice in the utility industry and consistent with NIPSCO's filings before the Indiana Utility Regulatory Commission (IURC) and IURC orders, resulting in or exacerbating numerous foreseeable power outages and preventable harm to members of the putative class is the dispositive issue, common to all. Plainly, this is a course of standardized conduct by NIPSCO affecting members of the

proposed class. NIPSCO's vegetation management procedures are the common nucleus of operative fact at issue in this case.

The scope of the individual harm or the merits of those individual class member claims is not the issue on class certification—rather, the issue is whether NIPSCO's negligence in performing vegetation management predominates over any claimant-specific questions. It does. It is the same theory of liability asserted by all the class members with the same common questions and substantive elements. *See Associated Med. Networks, Ltd. v. Lewis*, 824 N.E.2d 679, 686 (Ind. 2005) (articulating factors to find predominance of a common issue).

c. Typicality. Jack's claims are typical of those of the class in that he suffered personal and pecuniary harm due to NIPSCO's misconduct. This "does not require a showing that all plaintiffs' claims be identical." *Edward D. Jones & Co. v. Cole*, 643 N.E.2d 402, 407 (Ind. Ct. App. 1994), *trans. denied*. "A representative's claim is typical if it arises from the same event or course of conduct giving rise to the claims of other class members and the claims are based on the same legal theory." *In re VMS*, 136 F.R.D. at 474. "The similarity of legal theory may control even where there are factual differences between the claims of the named representatives." *Id.* It is enough "if it is shown that the representative plaintiff's claims are neither in conflict with nor antagonistic to the class as a whole." *Cole*, 643 N.E.2d at 407.

Here, Jack was scheduled for oral surgery on August 11, 2026, during which a power outage caused or exacerbated by NIPSCO's negligent vegetation management forced the termination of his procedure and his discharge without adequate pain control causing unnecessary and protracted physical and emotional pain. Additionally, Jack suffered economic loss in the form of perishable household goods as the power outage continued.

Jack's claim arose from the same course of conduct—NIPSCO's negligent failure to adequately perform vegetation management, leading to power outages—as other class members. And the claims are based on the same legal theory. Jack's claims are not in conflict with the class nor antagonistic to it; they are typical of it. And discovery will show similar harms emanating from similar outages caused or exacerbated by NIPSCO's negligence.

d. Fair and Adequate Representation. Jack will fairly and adequately protect the interests of the class. "To determine whether adequate representation exists for a class, Indiana has adopted some of the considerations applied in federal class actions." *ConAgra, Inc. v. Farrington*, 635 N.E.2d 1137, 1141–42 (Ind. Ct. App. 1994). These include the qualifications, experience, and ability of the putative class counsel; the risk of a collusive suit; the typicality of the class representative's claims; and the quality of representation. *Id.* at 1142.

Jack's claims fully align with those of the other class members, all of whom have suffered personal and/or pecuniary harm. His claims are typical and there is no risk of a collusive suit in this matter.

Further, Jack's counsel has been appointed as Class Counsel in other class action matters including: *In Re South Shore Train Crash at Gary, Indiana on January 18, 1993*, *In Re: Nurseryland Bus Crash at Gary, Indiana on June 25, 1998*; *In re Truck/Train Collision at Portage, Indiana on June 18, 1998*, and *In Re: Hidden Lake Bridge Collapse July 4, 2009*; and *In Re: Indiana State Fair Disaster (VanDam v. State of Indiana).* Jack's counsel has the requisite resources, expertise and experience to competently represent the class.

9. In addition to satisfying the requirements of Rule 23(A), class certification requires litigants to show "that the common questions of law or fact predominate over individual questions and that a class action is superior to other methods of dispute resolution." *CSX*, 646 N.E.2d at 1007. To that end, Trial Rule 23(B) further requires satisfaction of at least one of its provisions.

10. Rule 23(B)(1) permits a class action where:

the prosecution of separation actions by or against individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

> (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Ind. Trial Rule 23(B)(1).

11. Additionally, Rule 23(B)(3) permits a class action where:

> The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Ind. Trial Rule 23(B)(3).

12. Both Rule 23(B)(1) and (B)(2) are satisfied here. Absent class certification, hundreds of thousands of potential individual actions could be filed against NIPSCO in trial courts around Northwest Indiana, creating not just the risk but the near certainty of inconsistent or varying decisions in some proceedings that might then be dispositive of or impede the interests of other claimants in other courts. And, as noted above, there are questions of law or fact common to the members of the class that predominate those of individual claimants. Specifically, the issue across all claims is whether NIPSCO negligently failed to comply with its obligation to perform vegetation management around its power and transmission lines, leading to or exacerbating widespread power outages resulting in personal and pecuniary harm. Adjudicating these common questions of law or fact in one proceeding is the most efficient and fair mechanism to adjudicate the issue.

**WHEREFORE**, JACK TIPOLD, individually and on behalf of all others similarly situated, and co-plaintiffs, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, and CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, respectfully request the Court issue an order:

1) setting a hearing to determine that this action is properly brought as a class action and certifying Jack Tipold as the representative of the Class and his counsel as Class Counsel; and
2) affording all other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

*/s/Kenneth J. Allen*
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2026, service of a true and complete copy of the above and foregoing was served on all parties of record using the Court's IEFS system and/or U.S. mail.

*/s/ Kenneth J. Allen*

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

**E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
Initiating _____ Responding X___ Intervening _____; and the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party Northern Indiana Public Service Company, LLC

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Brian O. Watson (36350-45)
   RILEY SAFER HOLMES & CANCILA LLP
   1 S. Dearborn St., Suite 2200
   Chicago, Illinois 60603
   (312) 471-8700 (main)
   (312) 471-8776 (direct)
   bwatson@rshc-law.com
   docketdept@rshc-law.com
   www.rshc-law.com

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all documents served under Trial Rule 86(B) may be sent to the attorney at the email address specified by the attorney on the Roll of Attorneys for inclusion on the Public Service List regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a Civil Tort case type as defined in administrative Rule 8(B)(3).
4. This case involves child support issues. Yes ____ No X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*
5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

________ Attorney's address

________ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

________ Another address (provide)

______________________________________________

6. This case involves a petition for involuntary commitment. Yes ____ No X___
7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:
   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

      ______________________________________________

   b. State of Residence of person subject to petition: ________________
   c. At least one of the following pieces of identifying information:
      (i) Date of Birth ___________

(ii) Driver's License Number ______________________

State where issued _____________ Expiration date __________

(iii) State ID number ____________________________

State where issued _____________ Expiration date ___________

(iv) FBI number __________________________

(v) Indiana Department of Corrections Number _______________________

(vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

8. There are related cases: Yes ____ No X__ *(If yes, list on continuation page.)*

9. Additional information required by local rule:

_____________________________________________________________________

10. There are other party members: Yes ____ No X__ *(If yes, list on continuation page.)*

11. This form has been served on all other parties and Certificate of Service is attached: Yes X___ No___

Dated: September 15, 2026

Respectfully submitted,

*/s/ Brian O. Watson*
Brian O. Watson (36350-45)
(Attorney Information Shown Above)

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, this document was served upon all counsel of record listed below via Efile.incourts.gov:

Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)
501 Allen Court, Suite 3000
Chesterton, IN 46304
Efilingservice@allen.law

*Attorneys for Plaintiffs*

*/s/ Brian O. Watson*
Brian O. Watson (36350-45)

Filed: 9/15/2026 12:14 PM
Clerk
Porter County, Indiana

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____ Responding X___ Intervening _____; and the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party Northern Indiana Public Service Company, LLC _____

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Rodney Perry (40026-45)
   RILEY SAFER HOLMES & CANCILA LLP
   1 S. Dearborn St., Suite 2200
   Chicago, Illinois 60603
   (312) 471-8700 (main)
   (312) 471-8731 (direct)
   rperry@rshc-law.com
   docketdept@rshc-law.com
   www.rshc-law.com

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all documents served under Trial Rule 86(B) may be sent to the attorney at the email address specified by the attorney on the Roll of Attorneys for inclusion on the Public Service List regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a Civil Tort case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on* ***light green paper****. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   ________ Attorney's address

   ________ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov)**.

   ________ Another address (provide)

6. This case involves a petition for involuntary commitment. Yes ____ No X___

7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

   ________________________________________

   b. State of Residence of person subject to petition: _______________

   c. At least one of the following pieces of identifying information:

      (i) Date of Birth ___________

(ii) Driver's License Number ______________________

State where issued _____________ Expiration date __________

(iii) State ID number ____________________________

State where issued _____________ Expiration date ___________

(iv) FBI number __________________________

(v) Indiana Department of Corrections Number _______________________

(vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

8. There are related cases: Yes ____ No X__ *(If yes, list on continuation page.)*

9. Additional information required by local rule:

_____________________________________________________________________

10. There are other party members: Yes ____ No X__ *(If yes, list on continuation page.)*

11. This form has been served on all other parties and Certificate of Service is attached: Yes X___ No___

Dated: September 15, 2026

Respectfully submitted,

*/s/ Rodney Perry*
Rodney Perry (40026-45)
(Attorney Information Shown Above)

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, this document was served upon all counsel of record listed below via Efile.incourts.gov:

Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)
501 Allen Court, Suite 3000
Chesterton, IN 46304
Efilingservice@allen.law

*Attorneys for Plaintiffs*

*/s/ Rodney Perry*
Rodney Perry (40026-45)

**STATE OF INDIANA** )
)
**COUNTY OF PORTER** )

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

**FILED**
September 16, 2026
PORTER COUNTY CIRCUIT & SUPERIOR COURT
JW

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

**NOTICE OF AUTOMATIC ENLARGEMENT OF TIME**

Defendant Northern Indiana Public Service Company, LLC ("NIPSCO") notifies the Court of an automatic 30-day enlargement of time to October 21, 2026, for NIPSCO to respond to Plaintiffs' First Amended Complaint under Indiana Trial Rule 6(B) and Porter County Local Rule 3300.70. In support, NIPSCO states that:

1. NIPSCO received the Plaintiffs' Complaint, First Amended Complaint, and Summons by certified mail on August 27, 2026.

2. NIPSCO's response is due on Monday, September 21, 2026, which is the next court day after Saturday, September 18, 2026, which is 23 days from the date of receipt by certified mail. T.R. 6(A) (next day), 6(D) (20 days), 6(G) (3 days).

3. An automatic enlargement of time is warranted to respond to the Plaintiffs' First Amended Complaint, and all jurisdictional and other defenses are expressly preserved. T.R. 6(B).

WHEREFORE, NIPSCO notifies the Court of an automatic 30-day enlargement of time to October 21, 2026, for NIPSCO to respond to Plaintiff's First Amended Complaint.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Brian O. Watson*

Brian O. Watson (36350-45)
Rodney Perry (40026-45)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn St., Suite 2200
Chicago, Illinois 60603
(312) 471-8700
bwatson@rshc-law.com
rperry@rshc-law.com
docketdept@rshc-law.com

*Attorneys for Defendant Northern Indiana Public Service Company, LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, this document was served upon all counsel of record listed below via Efile.incourts.gov:

Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Justin P. Forkner (29659-49)
501 Allen Court, Suite 3000
Chesterton, IN 46304
Efilingservice@allen.law

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ Brian O. Watson*
Brian O. Watson (36350-45)

**STATE OF INDIANA )**
**)**
**COUNTY OF PORTER )**

**IN THE PORTER SUPERIOR COURT 1**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

**FILED**
September 16, 2026
PORTER COUNTY CIRCUIT & SUPERIOR COURT
JW

Cause No. 64D01-2608-CT-009189
**JURY TRIAL DEMANDED**

**ORDER**

Defendant Northern Indiana Public Service Company, LLC ("NIPSCO"), having filed its Notice of Automatic Enlargement of Time, and the Court, being duly advised in the premises, GRANTS the automatic enlargement.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the time for NIPSCO to respond to Plaintiffs' First Amended Complaint is automatically enlarged up to and including October 21, 2026.

Dated: **September 16, 2026**

JW
Judge, Porter Superior Court 1

**Distribution:**
All counsel of record.

| | |
|---|---|
| **STATE OF INDIANA )<br>)<br>COUNTY OF PORTER )** | **IN THE PORTER SUPERIOR COURT 1** |

FILED
September 10, 2026
PORTER COUNTY CIRCUIT & SUPERIOR COURT
MF

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

Cause No. 64D01-2608-CT-009189

**ORDER SETTING HEARING ON**
**PRELIMINARY CERTIFICATION AS CLASS ACTION**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Certification as Class Action, seeking a hearing and certification of the above-captioned matter as a class action pursuant to Indiana Trial Rule 23.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion for Preliminary Certification is set for hearing on _ **Thursday, October 1, 2026, at 10:00 a.m.**

September 10, 2026

**DATE**

MICHAEL A. FISH, JUDGE
PORTER SUPERIOR COURT 1

Distribution:
All Counsel of record

Filed: 9/22/2026 9:39 AM
Clerk
Porter County, Indiana

**STATE OF INDIANA ) IN THE PORTER SUPERIOR COURT 1**
**)**
**COUNTY OF PORTER )**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v. Cause No. 64D01-2608-CT-009189

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

**APPEARANCE BY ATTORNEY IN CIVIL CASE**

1. The party on whose behalf this form is being filed is: JACK TIPOLD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

   Initiating _X_ Responding ____ Intervening ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

2. Name of Party JACK TIPOLD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

   Address of Party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   c/o ALLEN LAW GROUP, LLC, 501 Allen Court, Suite 3000, Chesterton, IN 46304
   Telephone # of Party (219) 465-6292

3. Attorney information for service as required by Trial Rule 5(B)(2)

Name: Bryan L. Bradley
Address: ALLEN LAW GROUP, LLC
501 Allen Court, Suite 3000
Chesterton, Indiana 46304

Atty Number: 17877-46
Phone: 219-465-6292
Fax: 219-477-5181
Email Address: Efile@allen.law

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a Civil Tort (CT) case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on* ***light green paper****. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No _X_ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

________ Attorney's address

________ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov)**.

________ Another address (provide)

______________________________________________

This case involves a petition for involuntary commitment. Yes ____ No _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:
   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
   ______________________________________________
   b. State of Residence of person subject to petition: _______________
   c. At least one of the following pieces of identifying information:
      (i) Date of Birth _________________
      (ii) Driver's License Number _
      State where issued _____________ Expiration date _________
      (iii) State ID number _____________________________
      State where issued _____________ Expiration date ___________
      (iv) FBI number ___________________________
      (v) Indiana Department of Corrections Number ________________________
      (vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes ____ No __X__ *(If yes, list on continuation page.)*

8. Additional information required by local rule:
   ________________________________________________________________________

9. There are other party members: Yes ____ No_X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached: Yes_X_ No___

/s/ Bryan L. Bradley
Attorney-at-Law
(Attorney information shown above)

Filed: 9/23/2026 4:18 PM
Clerk
Porter County, Indiana

**STATE OF INDIANA )** **IN THE PORTER SUPERIOR COURT 1**
**)**
**COUNTY OF PORTER )**

JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,

Plaintiffs,

v. Cause No. 64D01-2608-CT-009189

NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,

Defendant.

**APPEARANCE BY ATTORNEY IN CIVIL CASE**

1. The party on whose behalf this form is being filed is: JACK TIPOLD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

   Initiating X Responding ____ Intervening ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

2. Name of Party JACK TIPOLD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

   Address of Party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   c/o ALLEN LAW GROUP, LLC, 501 Allen Court, Suite 3000, Chesterton, IN 46304
   Telephone # of Party (219) 465-6292

3. Attorney information for service as required by Trial Rule 5(B)(2)

Name: Jeffrey L. Lund
Address: ALLEN LAW GROUP, LLC
501 Allen Court, Suite 3000
Chesterton, Indiana 46304

Atty Number: 22454-49
Phone: 219-465-6292
Fax: 219-477-5181
Email Address: Efilingservice@allen.law

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a Civil Tort (CT) case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X_ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

________ Attorney's address

________ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov)**.

________ Another address (provide)

________________________________________

This case involves a petition for involuntary commitment. Yes ____ No _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:
   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
      ______________________________________________
   b. State of Residence of person subject to petition: _______________
   c. At least one of the following pieces of identifying information:
      (i) Date of Birth _________________
      (ii) Driver's License Number _
      State where issued _____________ Expiration date _________
      (iii) State ID number _____________________________
      State where issued _____________ Expiration date ___________
      (iv) FBI number ___________________________
      (v) Indiana Department of Corrections Number ________________________
      (vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes ____ No __X__ *(If yes, list on continuation page.)*

8. Additional information required by local rule:
   ________________________________________________________________________

9. There are other party members: Yes ____ No_X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached: Yes_X_ No___

*/s/ Jeffrey L. Lund*
Attorney-at-Law
(Attorney information shown above)