**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated, | Case No. 2:26-cv-00459-PPS-JEM |
| Plaintiffs, | CASE BELOW:<br>Porter Superior Court 1<br>Porter County, Indiana<br>Cause No. 64D01-2608-CT-009189 |
| v. | |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC, | |
| Defendant. | |

**MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

Plaintiff, JACK TIPOLD ("Jack"), individually and on behalf of all others similarly situated, including MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY ( "Co-Plaintiffs") (collectively, "Plaintiffs"), by counsel, ALLEN LAW GROUP, LLC, pursuant to Fed. R. Civ. P. 15(a)(2) and N.D. Ind. L.R. 15-1, hereby

respectfully request that they be granted leave to amend their First Amended Complaint [DE 5]. In support of this motion, Plaintiffs respectfully state as follows:

1. Plaintiffs filed their First Amended Complaint – Class Action Complaint ("First Amended Complaint") in state court on August 18, 2026, against Defendant, Northern Indiana Public Service Company, LLC ("NIPSCO"). The action was brought on their own behalf and behalf of a class of those similarly situated pursuant to Rule 23 of the Indiana Rules of Trial Procedure.

2. The proposed class was defined in the First Amended Complaint as:

> All Indiana residents who suffered personal injury and/or pecuniary harm because of NIPSCO's negligent vegetation management practices which caused or contributed to disruption of electrical service and widespread power outage on and after August 17, 2024.

[DE 5 at ¶ 12].

3. Specifically excluded from the Class in the First Amended Complaint are non-residents of Indiana as well as NIPSCO's officers, directors, trustees, upper management, and other related and subordinate entities controlled by NIPSCO, as well as the judge assigned to this action, and any member of the judge's immediate family. [DE 5 at ¶ 13].

4. Plaintiffs anticipate that this putative class will be further refined into specific subclasses based upon timing and location of outages as well as categories of damages sustained after discovery is taken.

5. Federal Rule of Civil Procedure 15 provides that:

A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (3), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

6. Outside of an amendment permitted as a matter of course under Fed. R. Civ. P. 15(a), a party may amend its pleadings with the court's leave or the opposing party's consent. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

7. Plaintiffs amended their state court complaint on August 18, 2026, as a matter of course, pursuant to Ind. T.R. 15(A). NIPSCO has not yet filed an answer to that amended complaint. It received an extension of time from the state court, until October 21, 2026, to do so.

8. Because Plaintiffs have already amended their state court complaint as a matter of course, the general rule is that they may not do so again in this Court without leave. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (federal courts on removal "take the case as though everything done in the state court had been done in the federal district court").

9. "[T]he decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court." *Beasley Ministries, Inc. v. O'Day*, 2026 U.S. Dist. Lexis 23104 *2 (N.D. Ind. Feb. 3, 2026) (quoting *Cohen v. Ill. Inst. Of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978)). Courts should use this discretion "to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith[,] or dilatory motive on the part of the movant." *Id.* (quoting *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007)).

10. Here, leave should be granted to address NIPSCO's federal jurisdictional anchors. Though Plaintiffs believe NIPSCO's asserted jurisdictional grounds for removal are without merit—which they will address more fully in their forthcoming motion for remand—this amendment eliminates those jurisdictional grounds for good.

11. No prejudice comes to NIPSCO from this amendment; it in fact limits the scope of the class from which it will face claims and thus is to NIPSCO's potential benefit.

12. The amendment is not being made for the purpose of undue delay; it is being made promptly upon removal of this case, before NIPSCO has filed its answer or any other substantive motions.

13. The amendment is not made for any reasons of bad faith or dilatory motives. The reference to Indiana "residents" as opposed to "citizens" was a scrivener's error. And eliminating harms arising on federal enclaves avoids an exceptionally narrow slice of Federal property rights, with purely hypothetical linkage to this case, from

otherwise subsuming a class action lawsuit that encompasses an enormous swath of Northern Indiana.

14. Moreover, and as will be further explained in Plaintiffs' arguments for remand, if necessary, the U.S. Supreme Court in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025), held that these sorts of amendments are permissible to eliminate federal jurisdictional anchors on what are otherwise matters exclusively of state law.[1]

15. Plaintiffs' proposed Second Amended Complaint – Class Action is attached hereto as **Exhibit A** in compliance with N.D. Ind. L.R. 15-1(a). The substance of the amendment is to reframe the class as edited below:

> All Indiana ~~residents~~ **citizens** who suffered personal injury and/or pecuniary harm because of NIPSCO's negligent vegetation management practices which caused or contributed to disruption of electrical service and widespread power outage on and after August 17, 2024.

*See* Ex. A at ¶ 13.

16. A similar change was made to rhetorical paragraph 11:

> All members of the putative class are citizens ~~and residents~~ of Indiana.

*See* Ex. A at ¶ 11.

17. Additionally, the proposed Second Amended Complaint broadens the exclusions from the class as edited below:

---

[1] Because the case has been removed and the amended pleading is filed in this Court, technical amendments to the jurisdiction and venue provisions, as well as references to Federal versus Indiana rules regarding class actions have been made. These amendments do not waive Plaintiffs' arguments that this case belongs in state court, where it began.

> Specifically excluded from the Class are non-~~residents~~ **citizens** of Indiana**;** ~~as well as~~ NIPSCO's officers, directors, trustees, upper management, and other related and subordinate entities controlled by NIPSCO~~,~~**;** ~~as well as~~ the judge assigned to this action, and any member of the judge's immediate family**; Indiana citizens whose personal injury and/or pecuniary harm occurred or arose on a federal enclave**.

*See* Ex. A at ¶ 14.

18. The proposed Second Amended Complaint's class definition eliminates any diversity amongst the parties and therefore the Class Action Fairness Act of 2005 no longer supports the exercise of federal jurisdiction. The expanded exclusion of class members similarly eliminates any grounds for Federal Enclave Jurisdiction.

19. Plaintiffs' undersigned counsel communicated with NIPSCO's counsel, Brian Watson, on October 1, 2026, by phone and email to determine whether NIPSCO consents to Plaintiffs' proposed amendment. As of the filing of this motion, Mr. Watson is unable to state whether NIPSCO consents to the amendment, hence the instant motion.

**WHEREFORE**, Plaintiff, JACK TIPOLD, individually and on behalf of all others similarly situated, and Co-Plaintiffs, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, and CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, respectfully request the Court issue an order:

A. Granting Plaintiffs leave to amend their First Amended Complaint and file the Second Amended Complaint attached hereto; and

B. Affording all other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
*Attorneys for Plaintiffs*

*/s/ Jeffrey L. Lund*

Kenneth J. Allen (3857-45)
Jeffrey L. Lund (22454-49)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, a true and accurate copy of the foregoing documents was electronically filed with the Clerk of the Court using the ECF system and has been served on all counsel of record by electronic means.

*/s/ Jeffrey L. Lund*
Jeffrey L. Lund (22454-49)