**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC,<br><br>Defendant. | No. 2:26-cv-00459-PPS-JEM |

**DEFENDANT NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

Brian O. Watson (36350-45)
Rodney Perry (40026-45)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
bwatson@rshc-law.com
rperry@rshc-law.com
docketdept@rshc-law.com

*Attorneys for Defendant Northern Indiana Public Service Company, LLC*

**TABLE OF CONTENTS**


INTRODUCTION ........................................................................................................ 1

LEGAL STANDARD.................................................................................................. 1

ARGUMENT ............................................................................................................. 3

I. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because It Cannot Oust this Court's CAFA Jurisdiction. ........................................................................ 3

II. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because It Cannot Survive—and Does Not Resolve—NIPSCO's Pending Motion to Dismiss or Stay.......... 3

III. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because the Class Allegations Cannot Survive NIPSCO's Motion to Strike Class Allegations. .................... 4

IV. Plaintiffs' Proposed Amendment Should Be Denied Because of Bad Faith. ..................... 5

CONCLUSION.......................................................................................................... 7

## INTRODUCTION

Plaintiffs' motion for leave to amend should be denied for ***four*** independent reasons. ***First***, the proposed amendment cannot "eliminate" jurisdiction under the Class Action Fairness Act ("CAFA")—the only stated reason in their motion [DE 9 at 4–5]—because CAFA jurisdiction attaches when a suit is filed as a class action, and is not eliminated by nonbinding post-removal manipulation of the class allegations. *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594–95 (2013). ***Second***, the amendment is futile because the claims cannot survive, and do not address, NIPSCO's pending motion to dismiss or stay. [DE 10–11.] ***Third***, the proposed amended class allegations likewise fail under Rule 23's standards and NIPSCO's concurrently filed motion to strike class allegations. ***Fourth***, Plaintiffs' amendment is the latest step in a pattern of improper forum and judge-shopping.

Accordingly, as explained below and in NIPSCO's coordinated briefing, this Court should exercise its broad discretion to deny Plaintiffs' motion for leave to amend [DE 9].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party is not entitled to amend a pleading as a matter of course but may do so with the opposing party's written consent or by leave of court. The Rule instructs district courts to "freely give leave *when justice so requires*." Fed. R. Civ. P. 15(a) (emphasis added). District courts are afforded broad discretion to decide motions for leave to amend pleadings. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

Courts "'may deny leave to amend ... where there is a good reason to do so,' such as 'futility, undue delay, prejudice, or bad faith.'" *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022) (quoting *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d

935, 946 (7th Cir. 2020)). An amendment is futile when the proposed pleading could not survive a motion to dismiss. *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Glover v. Carr*, 949 F.3d 364, 367–68 (7th Cir. 2020); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). Thus, "a 'court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.'" *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991)).

In this class context, an amendment is futile when the proposed class allegations would not satisfy the requirements of Federal Rule of Civil Procedure 23. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1033 (6th Cir. 1992) (affirming denial of leave to add class allegations that were "insufficient as a matter of law to satisfy the required prerequisites set out in Rule 23(a)"); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (affirming denial of leave to amend class allegations because "[a]mending this complaint to seek class relief would also be futile"); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 108 (4th Cir. 2013) (reversing and remanding for district court to consider whether "the proposed amended complaint satisfies the class certification requirements of Federal Rule of Civil Procedure 23"); *Carter v. Indiana*, No. 2:21-CV-256-PPS-JPK, 2022 WL 16833590, at *18–20 (N.D. Ind. 2022) (denying motion to amend under Rule 23 standards); *Brancheau v. Residential Mortg. Grp.*, 177 F.R.D. 655, 657 (D. Minn. 1997) (denying leave and collecting decisions where "a number of Courts have applied the class certification requirements of Rule 23 when evaluating whether to grant a plaintiff leave to amend a Complaint so as to define a proposed class of Plaintiffs" (citations omitted)).

## ARGUMENT

### I. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because It Cannot Oust this Court's CAFA Jurisdiction.

Plaintiffs' motion has a single stated purpose: "eliminate" federal jurisdiction. [DE 9 ¶¶ 10, 14.] It cannot. As NIPSCO's opposition to Plaintiffs' motion to remand explains, CAFA jurisdiction attaches when a suit is filed as a class action, and cannot be eliminated by a nonbinding post-removal amendment. 28 U.S.C. § 1332(d)(7); *Standard Fire*, 568 U.S. at 595; *In re Burlington*, 606 F.3d at 381.[1]

In fact, this Court has refused similar attempts at jurisdictional maneuvering. In *United Technologies Corporation*, plaintiffs tried to omit a federal claim from a state-court class action in "an obvious effort to avoid a federal jurisdictional hook," and this Court declined to remand. *Millman v. United Techs. Corp.*, No. 1:16-CV-312-PPS-SLC, 2017 WL 1165081, at *6 (N.D. Ind. Mar. 28, 2017) (Simon, J.). The same result follows here.

Because Plaintiffs' proposed amendment cannot accomplish its only stated purpose, leave should be denied in this Court's broad discretion. *See id.*; *Chamara*, 24 F.4th 1122, 1133 ("District courts 'may deny leave to amend ... where there is a good reason to do so'").

### II. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because It Cannot Survive—and Does Not Resolve—NIPSCO's Pending Motion to Dismiss or Stay.

Plaintiffs bear the burden to show how their amendment would cure the deficiencies in their prior complaint and survive a second motion to dismiss. *Crestview*, 383 F.3d at 558. They do not try. Nothing in the proposed Second Amended Complaint can survive dismissal. [DE 9 ¶¶ 10–11.] Instead, Plaintiffs describe their changes as "technical amendments" to the class definition and jurisdictional paragraphs. [DE 9 ¶ 17 n.1.]

---

[1] NIPSCO incorporates these arguments and does not repeat them here for the Court's ease under the consolidated briefing order [DE 16].

Plaintiffs' proposed pleading fails for the same four reasons originally set out in NIPSCO's motion to dismiss or stay. [DE 10, 11.][2] ***First***, the Indiana Utility Regulatory Commission has primary jurisdiction here and has already opened a proceeding. [*Id.* at 13–17.] ***Second***, NIPSCO's Commission-approved tariff bars liability for "acts of God," and Plaintiffs allege that "numerous weather events" caused their outages. [*Id.* at 17–19.] ***Third***, Indiana's economic loss doctrine bars tort recovery for their alleged "economic" losses. [DE 11 at 19–21.] ***Fourth***, Plaintiffs allege no plausible facts showing that NIPSCO owed a duty, breached, or proximately caused any personal injury. [*Id.* at 21–24.]

In addition, Plaintiffs' proposed amendment is the third iteration in just under two months. [DE 4, 5, 9-1.] When, as here, a plaintiff has already amended, and "it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment" for any appeal. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Thus, because Plaintiffs cannot cure the deficiencies and survive the pending motion to dismiss or stay, the proposed amendment should be denied as futile.

## III. Plaintiffs' Proposed Amendment Should Be Denied as Futile Because the Class Allegations Cannot Survive NIPSCO's Motion to Strike Class Allegations.

The proposed amendment changes two things in the class allegations only: "residents" allegedly become "citizens," and federal enclave harms are allegedly excluded. [DE 9 ¶¶ 15–17.] Neither change touches the defects identified in NIPSCO's motion to strike class allegations. Because the amended class still cannot satisfy any of Rule 23's requirements, the amendment

[2] NIPSCO incorporates the arguments in its motion and brief [DE 10–11] under the Court's consolidated briefing order [DE 16].

"serves no purpose." *Smith*, 953 F.2d at 1033 (upholding denial where Rule 23 could not be satisfied); *Carter*, 2022 WL 16833590, at *18–20 (same).

As NIPSCO's concurrently filed class brief explains,[3] the proposed amended class remains an improper, unascertainable, fail-safe class that presents no common issues and innumerable individualized issues. And redefining the class by "citizens" only adds another issue of determining citizenship. None of Plaintiffs' proposed amendments helps them satisfy the requirements of Rule 23(a) or (b).

Therefore, because Plaintiffs' amendments cannot satisfy Rule 23, and fail to resolve any of the defects, the amendment should be denied as futile.

**IV. Plaintiffs' Proposed Amendment Should Be Denied Because of Bad Faith.**

Courts may also deny leave to amend when the request is made in bad faith. *See Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992). Forum and judge-shopping is textbook bad faith. *See Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *5 (N.D. Cal. 2010) (denying leave to amend where plaintiffs were "undoubtedly aspiring to obtain a favorable result in another District. The Court will not countenance such forum shopping."); *cf. Harper v. TCC Wireless, LLC*, No. 25-CV-686, 2026 WL 734994, at *1 (E.D. Wis. Mar. 16, 2026) ("Courts do not tolerate judge shopping and may impose sanctions on attorneys who attempt it."); *Boe v. Marshall*, 767 F. Supp. 3d 1226, 1273–74 (M.D. Ala. 2025) ("Judge shopping" includes "[t]he practice of filing several lawsuits asserting the same claims ... with the hope of having one of the lawsuits assigned to a favorable judge and of nonsuiting or voluntarily dismissing the others." (citation omitted).)

---

[3] NIPSCO also incorporates the arguments in its combined brief under the Court's consolidated briefing order [DE 16].

Plaintiffs' conduct fits that definition. On August 14, Plaintiff Shragal, represented by the same counsel, filed a class action against NIPSCO in one state court asserting the same class claims. [DE 11 at 4 n.1.] Three days later, Plaintiffs Creal, also represented by the same counsel, filed a separate action asserting the same claims in a different state court. [*Id.*] That same day, Plaintiff Tipold filed an individual complaint before a third state court judge and, that evening, amended to add the class allegations and every other named Plaintiff. [DE 4, 5.] Shragal, the Creals, and their counsel then voluntarily dismissed. [DE 11 at 4 n.1.] Three suits, three judges, and two dismissals left one class action pending in the court of Plaintiffs' shopping.

Now, Plaintiffs' proposed amendment continues that pattern in this Court. Plaintiffs falsely state that "there have been no other class actions asserting the same or similar factual allegations against NIPSCO in the last three years." [DE 14 at 9.] Plaintiffs again incorrectly attempt to use "jurisdictional loophole[s]" to avoid this Court. *See Millman*, 2017 WL 1165081, at *5 (citing S. Rep. No. 109-14, at 39 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 38). Nor does Plaintiffs' explanation that "residents" was a "scrivener's error" hold up. [DE 9 ¶ 13.] The same word appears in both the class definition and the class exclusions, as well as the Plaintiffs' pending certification motion. [DE 5 ¶¶ 12–13; DE 6.]

Plaintiffs and their counsel are also willing to sacrifice absent class members. Their amendment attempts to drop every Indiana resident who is not an Indiana citizen, and every Indiana citizen injured on a federal enclave, even though Plaintiffs maintain that those people have valid claims for relief. [DE 9 ¶¶ 15–17.] Class representatives and counsel owe a fiduciary duty not to "throw away" a class recovery. *Standard Fire*, 568 U.S. at 594 (quoting *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830–31 (7th Cir. 2011)). Abandoning absent members' claims—on top of the repeated forum and judge-shopping—is evidence of bad faith.

Accordingly, because the amendment is offered for an improper purpose, the Court should deny leave on this independent ground.

**CONCLUSION**

Plaintiffs' proposed amendment cannot oust this Court's CAFA jurisdiction, cannot survive NIPSCO's motion to dismiss or stay, and cannot rescue Plaintiffs' class allegations. It is also the latest step in an effort to shop forums and judges rather than cure a pleading. For these reasons, NIPSCO respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend First Amended Complaint. [DE 9.]

Dated: October 29, 2026

Respectfully submitted,

*/s/ Brian O. Watson*

Brian O. Watson (IN 36350-45)
Rodney Perry (IN 40026-45)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
bwatson@rshc-law.com
rperry@rshc-law.com
docketdept@rshc-law.com

*Attorneys for Defendant Northern Indiana Public Service Company, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 29, 2026, these papers were served on all parties by CM/ECF electronic means.

Dated: October 29, 2026

Respectfully submitted,

*/s/ Brian O. Watson*

Brian O. Watson (IN 36350-45)
Rodney Perry (IN 40026-45)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
bwatson@rshc-law.com
rperry@rshc-law.com
docketdept@rshc-law.com

*Attorneys for Defendant Northern Indiana Public Service Company, LLC*