**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JACK TIPOLD, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, individually and on behalf of all others similarly situated, | ) | Case No. 2:26-cv-00459-PPS-JEM |
| Plaintiffs, | ) | CASE BELOW:<br>Porter Superior Court 1<br>Porter County, Indiana<br>Cause No. 64D01-2608-CT-009189 |
| v. | ) | |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF**
**THEIR MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**
**<u>& IN SUPPORT OF THEIR MOTION TO REMAND</u>**

Plaintiff, JACK TIPOLD ("Jack"), individually and on behalf of all others similarly situated, including MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, CAROL NORRIS and KIM NORRIS, LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY ("Co-Plaintiffs") (collectively, "Plaintiffs"), by counsel,

ALLEN LAW GROUP, LLC, hereby reply to Defendant's Brief in Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint [DE 21] and Defendant's Response to Plaintiffs' Motion to Remand [DE 18], and respectfully state as follows:

## ARGUMENT

As set forth in Plaintiffs' Motion for Leave to Amend First Amended Complaint [DE 9] and Motion for Remand [DE 14], Plaintiffs' proposed Second Amended Complaint would eliminate the federal jurisdictional anchors used by NIPSCO to remove this case from where it began to where it belongs. Even outside this amendment, however, CAFA contains clear exceptions to its minimal diversity structure that apply in this case and preclude the Court from exercising jurisdiction. Finally, NIPSCO's invocation of the federal enclave doctrine does not support the exercise of jurisdiction by the Court.

### I. Plaintiffs' Motion for Leave to Amend Should Be Granted.

NIPSCO argues that the clear language of the U.S. Supreme Court decision in *Royal Canin* does not apply here because an older Seventh Circuit opinion holds that post-removal amendments do not impact CAFA's diversity jurisdiction. This argument ignores the rationale of both opinions, as well as an opinion of the Seventh Circuit, post-*Royal Canin*, that clearly acknowledges the applicability of *Royal Canin*'s rationale to CAFA.

NIPSCO also argues that amendment of Plaintiffs' First Amended Complaint would be futile and is made in bad faith. Futility, however, is a merits-based argument that can only be reached after the Court's jurisdiction is secure. And NIPSCO's primary argument for bad faith fails to meet any standard or showing of bad faith conduct.

**a. *Royal Canin* Applies and Controls the Outcome**

"*Royal Canin* does not discuss CAFA jurisdiction, but its reasoning is still relevant. A plaintiff who amends his complaint to remove parties needed for minimal diversity, for example, would unquestionably change the basis for jurisdiction under CAFA." *Zurbriggen v. Twin Hill Acquisition, Inc.*, 178 F.4th 1081, 1087 (7th Cir. 2026). "As *Royal Canin* teaches, every amended complaint effectively remakes the suit, including 'its jurisdictional basis.'" *Id.* at 1088 (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)).

NIPSCO argues that the United State Supreme Court's 2025 rationale in *Royal Canin* that a plaintiff controls their complaint and can amend it to eliminate federal jurisdiction should not apply. It says this because the Seventh Circuit decided, in 2010, that CAFA jurisdiction survived even after the plaintiffs amended their complaint to eliminate class action allegations. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). *Burlington*, however, presented a different procedural scenario. And, as the Seventh Circuit explained in *Zurbriggen*, at its best *Burlington* stands on thin ice post-*Royal Canin*. *Zurbriggen*, 178 F.4th at 1088.

In *Burlington*, putative class action plaintiffs filed a class action suit against a railroad company in Wisconsin state court. *Burlington*, 606 F.3d at 380. The railroad company removed the case to federal court based on CAFA. *Id.* The plaintiffs moved for leave to amend their complaint to eliminate the class action allegations. *Id.* The district court granted the motion and then remanded the case because "its jurisdictional analysis was now based on the amended complaint, and that since the new complaint did not contain class allegations, it did not provide jurisdiction under CAFA." *Id.* The Seventh Circuit reversed. *Id.* at 379.

The Seventh Circuit's rationale was based on the idea that "jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." *Id.* at 380. "CAFA is, at base, an extension of diversity jurisdiction. Even in cases filed originally in federal court, later changes that compromise diversity do not destroy jurisdiction." *Id.* at 381. And it pointed to a footnote in a U.S. Supreme Court case expressing concerns about post-pleading amendments promoting forum manipulation. *Id.* (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 n.6 (2007)).

*Royal Canin* expressly swept away both of these outdated thoughts. "The plaintiff is 'the master of the complaint,' and therefore controls much about her suit." *Royal Canin*, 604 U.S. at 35. "She may, for example, name only defendants who come from a different State, or instead add one from her own State and thereby destroy diversity of citizenship." *Id.* "And the plaintiff's control over those matters extends beyond the time

her first complaint is filed. **If a plaintiff amends her complaint, the new pleading 'supersedes' the old one**: The 'original pleading no longer performs any function in the case.'" *Id.* (emphasis added) (quoting 6 Wright & Miller, Federal Practice and Procedure § 1476, pp. 636–37 (3d ed. 2010)). "So changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 36. "In short, the rule in original cases that jurisdiction follows the amended (*i.e.*, now operative) pleading **applies across the board**." *Id.* at 37 (emphasis added).

*Royal Canin* also expressly disclaims the *Rockwell* footnote *Burlington* relies on. *See id.* at 41–42. "[T]he footnote is dictum, and does not control the outcome here." *Id.* at 42. "*Rockwell* was an original federal case, not a removed one. So the footnote's assertion of a special rule for removed cases was outside the issue being decided—or more colloquially put, beside the point." *Id*. "And to top it off, the footnote itself was barely reasoned." *Id.* For one thing, "plaintiffs can usually forum shop without any resort to amendments." *Id.* at n.9. The footnote's premise also "conflicts with the one taken in the most comparable situation: when in a removed diversity case, a plaintiff seeks a remand to state court by means of adding a non-diverse party" and jurisdiction in that instance "follows the amended pleading—regardless of any (probably minor) forum-

manipulation concerns." *Id.* And finally, policy considerations of forum manipulation can never act to overcome a federal statute. *Id.*

*Burlington*, therefore, does not just stand on thin ice—there isno ice to support it whatsoever. *Royal Canin* has eliminated any legal or structural support for the opinion.

The Seventh Circuit in *Zurbriggen* recognized this fact. In *Zurbriggen*, the plaintiffs were on their fourth amended complaint after they originally filed a class action complaint in federal court under CAFA. *Zurbriggen*, 178 F.4th at 1085–86. Their third amended complaint claimed to drop their class action claims and expressed a willingness to not seek class certification. *Id.* at 1086. Its fourth amended complaint, however, reasserted the class allegations. *Id.* at 1088.

The Seventh Circuit, after noting that *Royal Canin* had been decided during the pendency of the amendments, recognized that "plaintiff's pleading of the third amended complaint may have resulted in the district court losing CAFA jurisdiction for some time." *Id.* at 1087. The fourth amended complaint, however, invoked CAFA and its requirements; "the fourth amended complaint effectively re-filed the case as a 'class action' securing jurisdiction under CAFA. The plaintiffs revised their complaint once to destroy jurisdiction, and then they did so again to save it." *Id*. at 1088

Both parties argued for the district court to keep jurisdiction. *Id.* Thus, the Seventh Circuit did not need to decide whether *Burlington* had been directly overruled

by *Royal Canin*. *Id.* at n. 3. "Any future consideration of removal jurisdiction under CAFA, though, must consider the tension between these cases." *Id.*

The writing is on the wall. To the extent *Burlington* eliminated a plaintiff's ability to be the master of their complaint, *Royal Canin* says the opposite from a position of precedence. The "tension" is thus between an opinion of the United States Supreme Court and an opinion of the Seventh Circuit based on rejected rationale. *Zurbriggen* indicates the only resolution to this tension.

A plaintiff who amends a complaint "to remove parties needed for minimal diversity, for example, would unquestionably change the basis for jurisdiction under CAFA." *Zurbriggen*, 178 F.4th at 1087. Federal courts must look to the amended (and operative) complaint to assess jurisdiction. *Royal Canin*, 604 U.S. at 43. "That rule . . . explains a host of jurisdictional outcomes. It operates in federal-question cases and diversity cases, both to destroy and create jurisdiction. And it cannot give way, in a case like this one, just because the case was removed from state to federal court." *Id.*

Plaintiffs may properly amend their First Amended Complaint to eliminate any federal jurisdictional anchors under CAFA and federal enclave jurisdiction. The Court should grant leave to do so and remand this matter to state court where it belongs.

**b. The Court cannot consider merits-based futility arguments when it lacks jurisdiction.**

NIPSCO argues the Court should deny Plaintiffs' leave to amend because it would be futile, arguing, as it does in its Motion to Dismiss, that the primary rate

doctrine, its tariffs, and the economic loss doctrine bar this suit. [DE 21, pp. 3–4.] NIPSCO also claims amendment would be futile because, as it argues in its Motion to Strike Class Allegations and supporting brief, Plaintiffs' class action allegations cannot survive. [DE 20.] Plaintiffs fully respond to NIPSCO's claims in their response to its Motion to Dismiss and incorporate that response here, but in sum: NIPSCO's arguments fail.

- The primary rate doctrine does not apply because Plaintiffs are not challenging the IURC's regulatory authority nor is the IURC's unique technical expertise required in resolving Plaintiffs' claims.

- NIPSCO's "acts of God" provision under its tariffs does not apply because of NIPSCO's own intervening misconduct. Further, NIPSCO's tariffs only apply to its customers, and some class members may not be NIPSCO customers.

- NIPSCO misapprehends the applicability of the economic loss doctrine wrong and fundamentally misstates the nature of Plaintiffs' damages.

- Plaintiffs' class allegations can be, and are intended to be, refined through the course of discovery and additional litigation. NIPSCO's attempt to short-circuit this process at the outset must fail when Plaintiffs have sufficiently alleged the components of both Indiana Trial Rule 23 and Federal Rule of Civil Procedure 23.

But more directly, it is inappropriate for the Court to consider merits-based futility arguments when the amended complaint would otherwise divest it of jurisdiction. Federal courts may not rule on the merits of cases without determining whether jurisdiction is appropriate first. *Sinochem Int'l Co. v. Malay. Intl'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

**c. Plaintiffs' amendment is not sought in bad faith.**

NIPSCO argues Plaintiffs' Motion for Leave to Amend First Amended Complaint is made in bad faith because several Plaintiffs filed individual complaints in Indiana before consolidating them under Jack's case, along with adding additional Plaintiffs, and then dismissing the separate complaints pursuant to Indiana Trial Rule 41(A)(1). It is permissible for plaintiffs to voluntarily dismiss their actions and refile in another forum under both Indiana and Federal law, and Plaintiffs did so immediately, before any merits determinations and without prejudice to—indeed, before any appearance by—NIPSCO. *Cf.* Fed. R. Civ. P. 41(a)(1)(A)(i); *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1379 (9th Cir. 2022) (bad faith occurred when dismissal happened on eve of adverse ruling on merits and new forum clashed with prior litigation position). This procedural movement was not bad faith.

None of NIPSCO's cited cases lead to a different result. *See Werbel ex rel. v. Pepsico, Inc.*, 2010 U.S. Dist. LEXIS 76289 (N.D. Calif. 2010) (bad faith when plaintiff refiled class action under new lead plaintiffs, advancing identical theories, rather than appealing after losing on merits); *Harper v. TCC Wireless, LLC*, 2026 U.S. Dist. LEXIS 57140 (E.D. Wis. 2026) (impermissible judge shopping within district occurred when party waited until after adverse ruling to seek transfer of judges); *Boe v. Marshall*, 767 F. Supp. 3d 1226 (M.D. Ala. 2025) (multiple legal teams with related matters pending in different federal districts did not like judge before whom cases were consolidated and

sought to dismiss both claims and refile before judge they believed would be subjectively sympathetic to their cases).

Moreover, Plaintiffs' Motion for Leave to Amend First Amended Complaint is made for the purpose of remanding this case to state court. This decision, as *Royal Canin* made clear, is not forum-shopping. It is within the power of the plaintiff as master of the complaint. It is not bad faith to argue about jurisdiction or seek to retain a case in the jurisdiction where it was filed.

Finally, NIPSCO argues that Plaintiffs' Motion for Leave to Amend First Amended Complaint is made in bad faith because it would narrow the class of individuals eligible for recovery and violate a fiduciary duty owed by class counsel to members of the class. [DE 21, p. 6.] Were the circumstances different, NIPSCO might be correct. *E.g.*, *Back Doctors Ltd. V. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, (7th Cir. 2011) (lead plaintiff in class action could not obtain remand by foregoing punitive damages in order get below $5M CAFA threshold). But that is not where this case is.

There is no class yet here. Plaintiffs' counsels' future fiduciary duty—and the range of class members to whom it is owed—has not materialized or been defined. What NIPSCO argues is, on one hand that no class should (ever) be certified in this matter. [DE 20.] And on the other hand, it argues bad faith from a perspective that the class has been certified and no changes to it can ever be made. Both things cannot be simultaneously true.

## II. Remand to State Court Is Appropriate.

CAFA contains two explicit exceptions: the local controversy and home-state exceptions. These are "express exceptions" that require federal courts to decline jurisdiction. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681 (7th Cir. 2006). Both apply. Moreover, NIPSCO's assertion of federal enclave jurisdiction ignores the high hurdle necessary to support application of that doctrine. Remand is therefore appropriate.

### a. The local controversy and home-state exceptions to CAFA apply.

Plaintiffs have properly raised the local controversy and home-state exceptions to CAFA as barring the exercise of jurisdiction by the Court. The math, as demonstrated in their Motion for Remand, supports application of both of these exceptions. [DE 14, ¶¶ 19–31.].

As Plaintiffs demonstrated in their motion, more than 120,000 putative class members would have to **not** be Indiana citizens in order to avoid application of these two exceptions. What NIPSCO presented, however, were two purported Illinois citizens and a speculative quantity of post-secondary students and out-of-state businesses. [DE 1, ¶¶ 21, 22.] As Plaintiffs showed, however, these phantom numbers do not come close to the required total.[1]

---

[1] Contrary to NIPSCO's assertion that they failed to provide evidence in support of their Motion for Remand, Plaintiffs directly referenced the websites for the State of Indiana, the various universities, and NIPSCO itself in making this showing. *See* Fed. R. Evid. 201(b)(2).

Plaintiffs showed in their Motion for Remand that:

- Only one of the educational institutions referenced by NIPSCO was in session when the August 11, 2026, storm struck, and it has a **total** student population of only 3,500. The remaining two institutions are not in NIPSCO's service area or do not draw power from NIPSCO. [DE 14, ¶ 31.]

- Statewide, roughly 62,000 businesses might be considered citizens of another state. But NIPSCO's electrical service area constitutes only portions of 22 of Indiana's 92 counties. [DE 14, ¶ 30.]

The result is competent proof of a staggeringly high number of putative class members—well over the home state and local controversy exception thresholds—who are Indiana citizens. There is no sum of class members suggested or imagined by NIPSCO that comes close to the 120,000-member hurdle required under CAFA for the Court to exercise its jurisdiction. The exceptions take the scope of the class as a given. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). "If the suit as a whole is predominantly interstate, the district court must resolve the whole." *Id.* The opposite is true here. This is not a case supporting a need to expand federal jurisdiction over "national class actions." *Millman v. United Techs. Corp.*, 2017 U.S. Dist. LEXIS 46109, *15 (N.D. Ind. 2017) (quoting *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 744 (7th Cir. 2013). This suit is patently, predominantly **intrastate**. Remanding this case is a perfectly example of "allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hart*, 457 F.3d at 682.[2]

---

[2] NIPSCO also asserts that because Plaintiff Margaret Shragal's complaint was voluntarily dismissed and she was added to Jack's complaint, that an "other class action" was filed in contradiction to 28 U.S.C. §

**b. Federal enclave jurisdiction does not apply.**

In their Motion for Remand, Plaintiffs laid out the test for application of federal enclave jurisdiction. [DE 14, ¶ 14.] **All or most** of the pertinent events must have occurred in the federal enclave. *See, e.g.*, *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538, 565 (D. Md. 2019).

None of NIPSCO's cited cases lead to a different result. *See Sparling v. Doyle*, 2014 U.S. Dist. LEXIS 74362 (W.D. Tex. 2014) (single plaintiff died on Fort Bliss); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006) (plaintiff alleged exposure to asbestos while serving on Air Force facilities); *Bell v. Arvin Meritor, Inc.*, 2012 U.S. Dist. LEXIS 46370 (N.D. Calif. 2012) (plaintiff alleged exposure to asbestos while serving as U.S. Army mechanic at Army bases); *Corley v. Long-Lewis*, 688 F. Supp. 2d 1315, 1317 (N.D. Ala. 2010) (plaintiff alleged exposure to asbestos while serving on U.S. Navy ships); *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Calif. 1992) (plaintiffs alleged exposure to asbestos while employed at U.S. Navy facilities and onboard U.S. Navy ships). They are all cases which demonstrate the rule: all or most of the pertinent activity in those cases took place on federal enclaves.

The same is not true here. While there are undoubtedly federal enclaves in NIPSCO's service area, the primary pertinent events involve NIPSCO's failure to

---

1332(d)(4)(A)(ii). Assuming this procedural movement constituted the filing of another class action for purpose of this provision, this only impacts the local controversy exception. The home state exception, 28 U.S.C. § 1332(d)(4)(B), stands independent of that provision.

reasonably perform vegetation management in accordance with its IURC-directed plan. Nothing in NIPSCO's motion shows that this conduct occurred on federal enclaves.

NIPSCO also asserts that not applying federal enclave jurisdiction would "violate the substantive and procedural rights of both NIPSCO and proposed absent class members." [DE 18, p. 15.] It claims this, apparently, because Plaintiffs assert that federal enclave jurisdiction does not exist in this case merely because **some events** may have occurred on federal enclaves within NIPSCO's service area. Such an assertion is not a predicate to a violation of due process, and NIPSCO fails to explain its logical leap in claiming that is the outcome. Nowhere in Plaintiffs' Motion to Remand do they assert that the correct law need not apply; that NIPSCO should not have a right to defend itself; or that the class claims need not be proven in order to establish NIPSCO's liability.

## CONCLUSION

The Court should grant Plaintiffs' Motion for Leave to Amend their First Amended Complaint and Motion to Remand, both of which set forth grounds to return this matter to the state court. Any subsequent substantive issues must be resolved by the state court.

**WHEREFORE**, Plaintiff, JACK TIPOLD, individually and on behalf of all others similarly situated, and Co-Plaintiffs, MARGARET SHRAGAL, GENELL CREAL and WILEY CREAL, TERESA BARON, ALFRED and LATASHA ALLEN, MALAYA GULLY, MICHAEL ZIMMER, WILLIAM ZABANEH, and CAROL NORRIS and KIM NORRIS,

LAWRENCE SHARON, DUSTIN BROWN and JENNIFER BROWN and JOSHUA BROWN, and CHARLES BRAY, respectfully request the Court issue an order:

a. Granting Plaintiffs' Motion to Amend First Amended Complaint;

b. Granting Plaintiffs' Motion to Remand; and

c. Affording all other relief just and proper in the premises.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
*Attorneys for Plaintiffs*

*/s/ Jeffrey L. Lund*

Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Jeffrey L. Lund (22454-49)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, a true and accurate copy of the foregoing documents was electronically filed with the Clerk of the Court using the ECF system and has been served on all counsel of record by electronic means.

*/s/ Jeffrey L. Lund*
Jeffrey L. Lund (22454-49)